IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-1337-JPG |
| | ) | |
| MURPHYSBORO POLICE DEPARTMENT, | ) ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

At the time of filing, Plaintiff James Webb was an inmate in Jackson County Jail. However, Plaintiff presently resides at the Alton Mental Health Center. Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's claim relates to an incident involving the Murphysboro Police Department in 2014, before Plaintiff was an inmate in Jackson County Jail. Plaintiff seeks removal from probation, disability, and a "substantial amount of money" for pain and suffering in relation to his claim.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

Plaintiff's statement of claim consists of the following three sentences: "In 2014, Murphysboro IL, the Murphysboro Police came to my residence and thought I was breaking in. They then tazed me 4 times, one being in the back of my head, which caused me to start fighting for my life. I accidentally left my keys in the house and went [through] a window to get in. I had a lease to show that me and Jennifer Maddox lived there." (Doc. 1, p. 6).

## Discussion

The Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

**Count 1 –** Excessive force claim against the Murphysboro Police Department for tazing Plaintiff in 2014 when he was locked out of his house.

Plaintiff's action will be dismissed without prejudice at this time because Plaintiff has failed to name a proper defendant. The only defendant Plaintiff has named in the case caption is "Murphysboro Police Department" (Doc. 1, p. 1). However, a police department is not a suable entity apart from the city which operates it. *See West By and Through Norris v. Waymire*, 114 F.3d 646, 646–47 (7th Cir. 1997). Further, a municipality may only be sued in a civil rights action if the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir.2006).

In order to proceed, Plaintiff either must sue an appropriate legal entity, *see Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), or an individual or individuals who "caused or participated in alleged constitutional deprivation." *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Therefore, the Murphysboro Police Department will be dismissed with prejudice as a defendant. Plaintiff will be granted leave, however, to amend his Complaint to name a proper defendant.

As a final note, the Court warns Plaintiff that his amended complaint must allege facts sufficient to support a claim for excessive force against each named defendant. With respect to an individual or individuals, Plaintiff must allege facts sufficient to show personal involvement in the alleged excessive force claim. Absent sufficient factual allegations, Plaintiff's First Amended Complaint will be subject to dismissal for failure to state a claim.

**Pending Motions**

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3). The dismissal of the complaint without prejudice raises the question of whether Plaintiff is capable of drafting a viable amended complaint without the assistance of counsel.

Plaintiff's Motion states that he has a grade school education and has difficulty understanding the law. In addition, Plaintiff's Motion indicates that he has contacted a single law office in an attempt to obtain legal representation - the Land of Lincoln. Plaintiff's request was denied.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a pro se litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question...is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also

considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

The single attached rejection letter from the Land of Lincoln indicates that Plaintiff made only a perfunctory effort to obtain counsel on his own. Plaintiff does not describe any other efforts he has made to seek legal representation. As to his educational level and other factors, he states that he has completed grade school only, and that he has difficulty understanding the law. Despite Plaintiff's educational disadvantages, the Court finds that the recruitment of counsel is not warranted at this stage of the litigation. At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. All that is required is for Plaintiff to provide an amended complaint that includes sufficient factual content regarding the alleged excessive force incident and to name an appropriate defendant. Plaintiff alone has knowledge of these facts, and no legal training or knowledge is required to set them down on paper. Therefore, the Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. The Court will remain open to appointing counsel as the case progresses.

## Disposition

**IT IS HEREBY ORDERED** that Defendant **MURPHYSBORO POLICE DEPARTMENT** is **DISMISSED with prejudice.** As Plaintiff has named no other defendants, the Complaint is **DISMISSED without prejudice.**

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **May 17, 2017**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED.

R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for this action (*i.e.* 16-cv-1337-JPG).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 18, 2017**

<u>*s/J. Phil Gilbert*</u>
**J. PHIL GILBERT**
**United States District Judge**
